DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1918.

Harry B. Goodison, Administrator, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 6,568.

1. CARRIERS, § 306*—*when relation of passenger and carrier not created.* The relation of carrier and passenger is not created where an intoxicated person applies to a station agent for a ticket, is refused, is ordered into the smoking room, and, upon being found later on the platform, is again ordered into the smoking room.

2. CARRIERS, § 264*—*when agent may refuse to sell tickets.* Evidence *held* sufficient to show intoxication of a person seeking to buy a ticket so as to warrant the station agent in refusing to sell him one.

3. RAILROADS, § 582*—*when slippery or defective condition of crosswalk not shown.* In an action to recover for the death of an intoxicated person, who had been refused a ticket by the station agent, and was killed by a train while crossing the tracks on a crosswalk to take the train, which was coming on the further track, evidence *held* insufficient to show that the crosswalk was slippery or defective.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(56)

D

Goodison v. Chicago, Burlington & Quincy R. Co., 213 Ill. App. 56.

4. RAILROADS,. § 583*—*when wilful negligence in operation of train not shown.* Wilful negligence in the operation of a train, resulting in the death of an intoxicated person, who had been refused a ticket, but was killed while crossing the tracks on a crosswalk with the intention of taking the train which struck him, was not shown where an automatic bell on the engine had been ringing since leaving the last station, and the engine was being driven at a proper, ordinary speed, and, when the engineer saw deceased on the track, he used every appliance to stop the train.

Appeal from the Circuit Court of DeKalb county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the April term, 1918. Reversed with finding of facts. Opinion filed October 10, 1918.

T. M. CLIFFE, for appellant; J. A. CONNELL, of counsel.

F. E. BROWER and C. D. ROGERS, for appellee; S. VESELY, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On Sunday, December 12, 1915, shortly after noon, Daniel Pawliszyn undertook to cross the tracks of the Chicago, Burlington & Quincy Railroad Company at its station at Sandwich, just ahead of an incoming passenger train which was to stop at that station, and he was struck, and died that day from his injuries. He left a widow and children, for whose benefit his administrator brought this suit against the railroad company. There was a jury trial. Plaintiff had a verdict for $2,000. Motions by defendant for a new trial and in arrest were denied. Plaintiff had judgment on the verdict and defendant appeals.

At Sandwich the railroad runs in an easterly and westerly direction, and is a double-track road. The depot is on the north side of the track with a platform

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

in front of it. Opposite the door of the waiting room was a plank crossing, perhaps 12 feet wide, over which intending passengers went to the platform south of the south main track, which was the eastbound track. A passenger train from the west approached. The ticket agent called the train. Forty or fifty intending passengers went across to the south platform. Shortly before the train reached the platform plaintiff's intestate started across on the run and fell on the south track. He sought to get up and fell again. A passenger standing on the south platform caught hold of him and tried to pull him out of the way of the train but failed and plaintiff's intestate was struck and injured and was carried on the train to a hospital at Aurora, where he died. The amended declaration did not expressly charge that deceased was a passenger or had been received as a passenger by defendant, but language was used in each count which we held in *O'Donnell v. Chicago & N. W. Ry. Co.,* 106 Ill. App. 287, was equivalent to a charge that he was a passenger. Each count charged that deceased was in the exercise of due care for his own safety. The first count charged negligent operation of the train at a high rate of speed, without ringing a bell or sounding a whistle, without the engineer exercising a proper lookout ahead and without having said engine under proper control. The second count charged that defendant negligently permitted said crosswalk to be icy and slippery and in an unsafe condition, and a bad state of repair, which condition it knew, or by the exercise of ordinary care should have known. The third count charged that the crosswalk was in a slippery condition and that deceased slipped, stumbled and fell on account thereof, as said train was approaching, and that his dangerous position was known to the servants of defendant in charge of the engine in time to have stopped the train and avoided striking deceased, and that they ran said train at a reckless rate of speed without warning of its ap-

proach and without using all reasonable means to stop it. Each count charged that by the conduct of defendant's servants, in that count stated, deceased was killed. Defendant filed the general issue and a plea denying its ownership and operation of the road. No evidence concerning the issue raised by the latter plea was offered by either side.

In *O'Donnell v. Chicago & N. W. Ry. Co., supra,* we stated at length and upon authorities there cited what is necessary to create the relation of carrier and passenger, and that, to create that relation, the carrier must have expressly or impliedly received the party as a passenger, and that usually that relation is implied if the passenger is at the proper place with a ticket or the means of purchasing the same, but that if he had not been expressly or impliedly received by the railroad company as a passenger, that relation does not exist and the company owes him no duty as a passenger. In the recent case of *Todd v. Louisville & N. R. Co.,* 274 Ill. 201, these views are stated, with a reference to many authorities; and it is there held that the carrier may, without any good reason, decline to accept the offered passenger and in such case he cannot become a passenger, and his only remedy is by way of damages for the unwarrantable refusal to accept him. In this case it is clear that the deceased applied to the ticket agent in the depot for a ticket to Chicago, that the agent refused to sell him a ticket and ordered him into the smoking room, and again, after he found him on the platform, ordered him into the smoking room. This testimony is uncontradicted. Deceased, therefore did not become a passenger and the company did not owe him the duties which it owes to a passenger, and, as this action was not based on a wrongful refusal to sell him a ticket and accept him as a passenger, there could be no recovery.

A very great preponderance of the evidence shows that deceased was intoxicated. As he approached the

depot, a few minutes before, he fell down in the street several times and on getting part way up would fall down again. The agent to whom he applied for his ticket discovered his condition, talked with him until he ascertained that he was intoxicated, and then refused him a ticket. The physician who came to him on the platform a minute after he was struck smelled liquor upon his breath and testified that he was drunk. Other witnesses testified that they considered that he was intoxicated. Two witnesses testified for plaintiff that they did not notice that he was intoxicated. If the jury had returned a special verdict that he was not intoxicated, it could not have been sustained upon this proof. The agent, therefore, had a right to refuse to permit him to become a passenger because he was intoxicated.

Snow had fallen the night before and perhaps that morning. It had been swept off by the section men. Some more may have fallen and melted. The preponderance of the evidence is that the walk was soft or slushy or wet rather than icy. Deceased may have slipped and fallen because his feet came into contact with ice or snow or slush, but the manner of his falling and of his effort to get up indicate to us that he fell because he was intoxicated and because of that condition became anxious about his dog, which was on the track, and that he turned with his back to the approaching train to try to get his dog off the track. Forty or fifty passengers had gone over without finding anything unsafe on this crosswalk. We think the charge of negligence in that respect was not proven.

The third count used the word "wilful" in connection with charges of negligence against those driving the train. That charge of wilfulness is entirely unsupported by the proof. It is argued that the engineer should have kept a better outlook ahead, should have seen deceased on the track sooner, should have approached the station more slowly, and should have

had his train under such control that he could have stopped it more quickly. These are charges of mere negligence which cannot prevail if, as here, the deceased was not exercising due care for his personal safety. It is clear that an automatic bell on the engine had been ringing ever since the train left the last station, and that the engineer was approaching at the ordinary speed, proper to be used when stopping at that station, and that as soon as the engineer saw deceased on the track he used every appliance at his command to stop his train. Therefore there can be no recovery on the ground that the engineer wilfully ran him down.

Numerous questions are raised upon the rulings of the court upon the evidence and upon plaintiff's instructions, and their adequate discussion would require much space. We think this unnecessary, as what has already been said precludes a recovery. Plaintiff contends that defendant is estopped by instructions which it offered. We conclude this position is not maintainable. The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

We find from the evidence that, before the accident in question, defendant refused to receive deceased as a passenger and did so for just cause; that deceased was not in the exercise of due care for his own safety; and that defendant was not negligent in the respects charged in the declaration.